Riccobono, J.
(dissenting). I respectfully dissent and would reverse the order appealed from and direct that the jury’s verdict be reinstated.
A review of the record before the court reveals that the defendant had reasonable cause to detain the plaintiff, and indeed the trial court expressly so found. The trial court, however, in setting aside the jury verdict in favor of the defendant, found that defendant’s conduct of photographing and fingerprinting the plaintiff transformed an otherwise proper detention into false imprisonment. Plaintiff suggests no cause of action specifically addressed to the allegedly improper photographing and fingerprinting, electing to pursue the more amorphous cause of action of false arrest.
Trial Term in setting aside the jury’s verdict seems overly preoccupied with the provisions of section 218 of the General *53 Business Law. Merely because section 218 fails to authorize the photographing and fingerprinting of persons detained, does not make that practice unlawful. Actually, section 218 represents, at least in part, an incorporation of common-law defenses to the action for false arrest. Although that section defines "reasonable grounds” for detention and "reasonable time” of detention it fails to come to grips with "reasonable manner” of detention. Thus, what constitutes a reasonable manner of detention, even more than what constitutes reasonable grounds for detention or a reasonable time of detention, remains very much a question of fact.
One has no absolute right not to be photographed, and indeed today in banks and mercantile establishments patrons are routinely photographed by closed circuit video trap cameras. To the extent that fingerprinting may be shown to involve elements of either assault or battery it is of course actionable conduct, but fingerprinting does not per se represent false imprisonment.
There is no indication in the record that the plaintiff at any time refused to be photographed or fingerprinted, and the jury may well have concluded that the plaintiff, at least implicitly, consented to such conduct on the part of the defendant. Since there is no statutory proscription against photographing or fingerprinting persons detained under the presented circumstances, it was for the jury to assess whether the manner of the plaintiffs detention was reasonable. The jury having concluded that the plaintiff was indeed detained in a reasonable manner, I perceive no reason to disturb their finding.
Concur: Hughes, J. P., and Asch, J.; Riccobono, J. dissenting.